IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2004

## TIMOTHY TYRONE SANDERS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 9439    Charles Lee, Judge**

_____

**No. M2003-02416-CCA-R3-PC - Filed February 15, 2005**

_____

The Petitioner, Timothy Tyrone Sanders, was convicted of possession of over 0.5 grams of cocaine with the intent to sell.  This Court affirmed his conviction and sentence on direct appeal.  The Petitioner filed a petition for post-conviction relief, claiming that he received ineffective assistance of counsel when, during jury selection at trial, his trial counsel failed to object to a racially motivated peremptory challenge by the State.  The post-conviction court dismissed the petition, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Haley E. Fults, Nashville, Tennessee, for the Appellant, Timothy Tyrone Sanders.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William M. McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I.  Facts**

This appeal arises from the dismissal of the Petitioner's petition for post-conviction relief. The Petitioner asserts that he received ineffective assistance of counsel at his second trial on charges of possession of a schedule II narcotic with intent to sell.  At the Petitioner's first trial, a Bedford

1

County jury convicted him of possession of greater than 0.5 grams of cocaine with the intent to sell.[1] On direct appeal, this Court reversed the conviction because the trial court failed to instruct the jury on the lesser-included offense of simple possession. State v. Mothy[2] Tyrone Sanders, No. M2000-00603-CCA-R3-CD, 2001 WL 43558 (Tenn. Crim. App., at Nashville, Jan. 18, 2001), *no perm. app. filed*. On remand, a Bedford County jury again convicted the Petitioner of possession of more than 0.5 grams of cocaine with intent to sell. The trial court sentenced Petitioner to seventeen years as a Range II offender. On direct appeal, this Court affirmed the Petitioner's conviction and sentence. State v. Timothy Tyrone Sanders, No. M2001-02128-CCA-R3-CD, 2002 WL 1465925 (Tenn. Crim. App., at Nashville, July 5, 2002), *perm. app. denied* (Tenn. Dec. 9, 2002). Subsequently, the Petitioner filed a petition for post-conviction relief, contending that he was denied effective assistance of counsel because, during jury selection, his trial counsel failed to object to a peremptory challenge of an African-American juror by the State.[3] After a hearing, the post-conviction court dismissed the petition, and the Petitioner now appeals.

At the hearing on the Petitioner's post-conviction petition, the following evidence was presented: Jackson Dearing ("Counsel") testified that he represented the Petitioner at both of the Petitioner's trials, and on both of the Petitioner's direct appeals. A transcript of the *voir dire* examination from the Defendant's trial was introduced into evidence. During *voir dire*, at the end of Counsel's questioning, the following exchange took place between Counsel and Mary Jo Reynolds, an African-American juror:

> [Counsel]: [I]s there anyone that can't be fair to both sides?
> [Reynolds]: Do we have the option of simple possession or possession for resale?

The State subsequently exercised a peremptory challenge, and the trial court dismissed Reynolds. The transcript reveals that Counsel did not object to the State's peremptory challenge, and the State did not offer a race-neutral explanation for this challenge.

Counsel testified that he recalled the jury selection process at the Petitioner's trial, but he did not remember whether any African-Americans were in the jury panel. He said that he reviewed his notes from the *voir dire*, and he said that the State exercised peremptory challenges as to three prospective jurors, but he did not know the race of these jurors. Counsel stated:

> [I] reviewed the reasons for those strikes and if–and I am not sure whether these
> people are African-Americans or not–but if they were, the State would have struck

---

[1]The Petitioner was indicted for Possession of a schedule II narcotic with intent to resell, unlawful possession of a firearm, driving under the influence, and violation of the open container law. The Petitioner pled guilty to DUI and violation of the open container law, and a jury acquitted him of unlawful possession of a firearm.

[2]The Petitioner's name was misspelled in the case style of his first direct appeal.

[3]Additionally, the Petitioner asserted several other bases for his claims of ineffective assistance of counsel, but these claims were not brought before this Court in this appeal.

those people for a race-neutral basis.

It has always been my policy in trial, especially if we have an Afr[ican]-American client, to watch closely, and if the State strikes an Afr[ican]-American, to counsel with my client and object if my client wishes, to object to the simple fact that they have struck and have the State declare a race-neutral basis for striking that person.

Counsel testified that he believed he raised, at the Petitioner's request, the issue regarding the State's peremptory challenge of Reynolds. He said that the State had a race-neutral basis for challenging Reynolds. Counsel further testified that he did not raise any issues regarding the racial composition of the jury in the Petitioner's motion for new trial, and he admitted that, because it was not raised, the issue is now waived.

On cross-examination, Counsel affirmed that he scrutinizes the State's use of peremptory challenges, especially when the State challenges a juror of the same race as his client. He said that, unless the State has a blatantly apparent reason, he almost always demands that the State provide a race-neutral basis for the use of the peremptory challenge. He testified that the judge that conducted the Petitioner's trial strictly enforces the rule against racially motivated peremptory challenges, making it almost impossible for a peremptory challenge to be used in a racially discriminatory manner. Counsel recalled that the State used three peremptory challenges at the Petitioner's trial. He said he remembered that Reynolds was African-American. He also remembered that Reynolds asked whether the jury would be allowed to consider simple possession in its deliberations. Counsel stated, "I think in this case, [Reynolds] was pretty adamant about simple possession." He explained that, because the Petitioner's defense was based on trying to prove simple possession, without intent to sell, he believed that Reynold's question provided the State with a race-neutral reason for exercising a peremptory challenge.

Based upon this evidence, the post-conviction court concluded that the Petitioner received effective assistance of counsel. The post-conviction court noted that juror Reynolds' question addressed the specific issue for which this Court remanded the Petitioner's case for a second trial. The post-conviction court then concluded that Counsel's "conduct in this case fell well into the range of conduct . . . expected of attorneys handling criminal cases as enunciated in Baxter versus Rose. The [Petitioner] has failed to carry his burden of proof in this matter that he was entitled to [a] new trial."

## II. Analysis

The Petitioner appeals the dismissal of his petition for post-conviction relief, averring that he was denied the effective assistance of counsel. The Petitioner contends that Counsel's failure to object to the State's peremptory challenge of juror Reynolds was ineffective assistance, and he suffered prejudice in the form of a racially prejudiced jury as a result. Further, the Petitioner argues that Counsel's failure to preserve this issue for appeal and failure to raise this issue in his motion for new trial constituted ineffective assistance by preventing the Petitioner the opportunity to present

the issue to this Court on direct appeal. The State counters that Counsel did not provide the Petitioner ineffective assistance, and the Petitioner suffered no prejudice because the State had a valid, neutral, and non-racial basis for exercising a peremptory challenge of juror Reynolds.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S .W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9, of the Tennessee Constitution. State v. White, 114 S.W.3d 469, 475 (Tenn. 2003); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to a de novo review. Id.

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different

result.  Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).  The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation.  House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citation omitted); Thomas Brandon Booker v. State, No. W2003-00961-CCA-R3-PC, 2004 WL 587644, at *4 (Tenn. Crim. App., at Jackson, Mar. 24, 2004), *no perm. app. filed*.  However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.  House, 44 S.W.3d at 515.

It is counsel's responsibility to determine the issues to present on appeal. Carpenter v. State, 126 S.W.3d 879, 887 (Tenn. 2004).  Generally, this responsibility addresses itself to the professional judgment and sound discretion of appellate counsel.  Id.  Counsel need not raise every conceivable issue on appeal.  Id.  "Indeed, 'experienced advocates have long emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues."  Id. (citations omitted).  When a claim of ineffective assistance of appellate counsel is based on counsel's failure to raise a particular issue on appeal, the reviewing court must determine the merits of the issue.  Id.  If a particular issue is weak or without merit, counsel's performance cannot be deemed deficient, and the petitioner cannot show that he has suffered any prejudice.  Id.

Article I, section 8 of the Tennessee Constitution and the Equal Protection Clause of the United States Constitution prohibit the racially motivated exercise of peremptory challenges. See Batson v. Kentucky, 476 U.S. 79, 96-98 (1986), State v. Robinson, 146 S.W.3d 469, 504-05 (Tenn. 2004) (adopting the analysis in State v. Gregory Robinson, No. M2001-01299-CCA-R3-DD, 2003 WL 2194673 (Tenn. Crim. App., at Jackson, Aug. 13, 2003)); see also Woodson v. Porter Brown Limestone Co., 916 S.W.2d 896 (Tenn. 1996).  In order to establish that a peremptory challenge was exercised in violation of constitutionally protected rights, the defendant must first make a *prima facie* showing that the peremptory challenge was racially motivated.  Robinson, 146 S.W.3d at 505.  "The Defendant must establish that 'consideration of all the relevant circumstances raises an inference of purposeful discrimination.'"  Id. (quoting Woodson, 916 S.W.2d at 903).  It is not necessary to show a "pattern" of strikes against potential jurors of a particular race; the exclusion of a single juror of a particular race may be sufficient for a *prima facie* case.  State v. Ellison, 841 S.W.2d 824, 827 (Tenn. 1992) (citing Batson, 476 U.S. at 97).  "[T]he defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate."  Batson, 476 U.S. at 96.  Once the defendant makes this showing, the burden shifts to the State to provide a race-neutral basis for the strike.  Id., Robinson, 146 S.W.3d at 505.

In the case under submission, the evidence shows that juror Reynolds asked the State whether the jury would have the option of considering the charge of simple possession.  The evidence showed that juror Reynolds was African-American, as is the Petitioner.  There was no evidence regarding the racial composition of the State's other two peremptory challenges or the ultimate racial composition of the empaneled jury.  Further, the question posed by juror Reynolds was directly relevant to the procedural history of the Petitioner's case, as the question dealt specifically with the reason this Court remanded the case for a new trial–the trial for which juror Reynolds was a

prospective juror. Based on these facts, this Court cannot conclude that the Petitioner has made a *prima facie* case that the State exercised its peremptory challenge on a racial basis. Further, we cannot conclude that Counsel's failure to object to the State's peremptory challenge of juror Reynolds was below a standard of effective representation of a lawyer with ordinary training and skill in the criminal law. Assuming, *arguendo*, that Counsel's actions fell below the standard of reasonably effective assistance, the Petitioner has failed to prove that he suffered any prejudice as a result of Counsel's failure to object to the State's peremptory challenge of juror Reynolds. The record before this Court clearly indicates that the State had a valid, race-neutral basis for its peremptory challenge of juror Reynolds. Thus, the Petitioner has failed to demonstrate a probability that, but for Counsel's actions, the outcome of his trial would have been different.

Similarly, the Petitioner has failed to demonstrate that he suffered any prejudice as a result of Counsel's failure to preserve this issue for appeal. We conclude that even if this issue had been raised by the Petitioner on appeal, this Court would not have granted him relief. As noted above, the Petitioner has failed to make a *prima facie* case of discrimination in the jury selection. In fact, the record indicates that the State had a significant race-neutral basis for exercising the peremptory challenge in question. After thoroughly reviewing the record, we conclude that this Court would not have granted the Petitioner relief if this issue had been raised on direct appeal. Thus, the Petitioner has failed to demonstrate that but for Counsel's actions, the outcome of his case on direct appeal would have been different.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE